**In re AESTHETIC SPECIALTIES, INC., a Corporation, Debtor.**

**AESTHETIC SPECIALTIES, INC., Appellee,**

v.

**J. Albert HUTCHINSON, Appellant.**

**BAP No. NC 82–1597–AsVE.**

**Bankruptcy No. 3–81–01391–LK.**

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Argued Feb. 27, 1984.

Decided March 28, 1984.

J. Albert Hutchinson, San Francisco, Cal., for appellant.

Henry Cohen, Cohen & Jacobson, Burlingame, Cal., for appellee.

Before ASHLAND, VOLINN and ELLIOTT, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court authorizing the debtor in possession to reject its contract with appellant.

We affirm.

## FACTS

Appellant is an attorney at law. Aesthetic Specialties, Inc. (ASI) is in the business of manufacturing and selling alcoholic beverages in specialized decorative containers. In September, 1979 ASI retained appellant for the purpose of pursuing an alleged cause of action against several of ASI's competitors. In August, 1980 appellant commenced a lawsuit in state court on ASI's behalf. Trial preparation in that action was under way when this bankruptcy was filed in July, 1981.

Thereafter, ASI became dissatisfied with appellant's services and decided to replace him with other counsel. Appellant terminated his services at the request of ASI and ASI retained other counsel to represent it in the state court action.

In November, 1982 ASI, as debtor in possession, applied to the bankruptcy court for an order authorizing it to reject its contract with the appellant. Appellant filed an opposition to ASI's application. The bankruptcy court issued an order in December, 1982 granting ASI's application and authorizing it to reject the contract. Appellant now contests the appropriateness of the court's order.

## ISSUE

The appellant contends the trial court lacked "jurisdiction" to make an order "to accomplish the forfeiture of appellant's contract right."

## ANALYSIS

Appellant does not argue that the findings of the trial court are clearly erroneous. Rather he contends that the order of the trial court somehow unfairly deprives him of the compensation he may be entitled to under the contract. This is simply not the case; 11 U.S.C. § 365(g) preserves appellant's remedy upon rejection of his contract. The trial court specifically stated on the record that it was not making any adjudication of the appellant's rights under the contract, but that it was merely allowing the debtor in possession to reject the contract pursuant to 11 U.S.C. § 365(a). The order of the trial court does not have the effect of precluding appellant from asserting any claim he may have against the debtor in possession for breach of the contract.

It is well settled in California that a client's power to discharge his attorney, with or without cause, is absolute. *Fracasse v. Brent*, 6 Cal.3d 784, 790, 100 Cal. Rptr. 385, 494 P.2d 9 (1972). A discharged attorney is entitled to recover the reasonable value of his services rendered to the time of discharge. *Id.* at 792, 100 Cal.Rptr. 385, 494 P.2d 9. The discharged attorney's cause of action to recover compensation for services rendered under a contingent fee contract does not accrue until occurrence of the stated contingency. *Id.* at 792, 100 Cal. Rptr. 385, 494 P.2d 9. The contingency stated in the agreement between appellant and ASI has not yet occurred. That fact distinguishes this case from *Alioto v. Official Creditor Committee*, 654 F.2d 664 (9th Cir.1981).

Thus, the appellant may have an immediate cause of action against the debtor in possession for the reasonable value of services rendered to the time of his discharge. The trial court's order does not preclude appellant from properly asserting such a claim. The appellant may also have a potential cause of action against the debtor in possession based on the contingency

fee portion of their agreement. However, any such cause of action will not accrue until the contingency in the contract has occurred. Again, the order of the trial court does not have the effect of precluding appellant from properly asserting any such claim.

## CONCLUSION

For the foregoing reasons, the order of the trial court is affirmed.